# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LURAY CAVERNS COMPANY, INC., V. KAUFFMAN.

### November 16, 1911.

### Absent, Cardwell, J.

1. COVENANTS RUNNING WITH LAND—*Personal Contracts—Who May Sue.*—A contract by which the owner of a cave, which is a natural curiosity, permits another to take photographs of such of the formations as he desires, is a purely personal one between the parties. It in no sense affects the title to the cave, and is not a covenant running with the property, and no rights under the contract pass to the successor in title to the cave merely by force of the fact that he is such successor. The successor in title to the cave cannot, merely by virtue of the fact that he is such successor, and without obtaining an assignment of the contract, enforce the limitations, conditions and restrictions, if any, of the contract with the former owner.

2. INJUNCTIONS — *Trespass — Irreparable Injury — Inadequacy of Remedy at Law.*—Although a court of equity will not, as a general rule, interpose to prevent a mere trespass, yet if the act done or threatened would be destructive of the substance of the estate, or if repeated acts of wrong are done or threatened, or the injury is or would be irreparable, in fine, whenever the remedy at law is or would be inadequate, a court of equity will enjoin the perpetration of the wrong and prevent the injury.

3. INJUNCTIONS—*Trespass—Photographs of Another's Property—Personal Contracts—Right to Enforce.*—A bill which charges no invasion of the premises of the complainant, and no act done or threatened which would destroy, or in the least degree affect, the substance of his estate, but simply charges the defendant with going upon the market with colored photographs of complainant's property and selling the same in competition with pictures of the same property offered for sale by the complainant, presents no case for an injunction, where it appears that what the defendant offers for sale are copies of photographs of which his assignor was the rightful owner by permission of the predecessor in title of the complainant, and the bill fails to show that there were any limitations or conditions upon the use of the photographs, or in what way the complainant is the beneficiary of the purely personal contract made with his predecessor in title.

Appeal from a decree of the Circuit Court of Page county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*R. S. Parks* and *Leedy & Berry,* for the appellant.

*M. McCormick* and *William F. Keyser,* for the appellee.

Keith, P., delivered the opinion of the court.

The Luray Caverns Company filed its bill, stating that it is the owner in fee of very valuable property in Page county, Virginia, known as the Luray Caverns, a great natural curiosity, ranking as one of the wonders of the world and visited annually by thousands of persons; that it has expended large sums of money in opening up the property, lighting it with electricity, laying walks, constructing bridges over chasms so as to make it safe for visitors; that experienced guides are kept to accompany visitors through the caverns, explain the formations and point out its beauty; that as a source of revenue and a mode of advertising the property, the company has had pictures taken of the many formations and painted by an artist from actual inspection, thus securing the coloring, lights and shadows which can only be secured by actual inspection; that these paintings are sold as souvenir cards to tourists and the public generally, and thus scattered over the land, constituting a valuable advertisement of the property which invites and induces visitors to come and see the natural objects for themselves; that one D. L. Kauffman has secured a considerable quantity of painted cards, purporting to be correct pictures of scenes within the caverns, which he keeps in stock and on exhibition, and sells to all who choose to purchase; that in thus acting Kauffman is tres-

passing upon the rights of the Luray Caverns Company
and injuring its business and property, in this that he has
no right to make or have made or exhibit and sell pictures
of the property of the Luray Caverns Company for remu-
neration, and in addition said pictures are not correct, but
are gross misrepresentations of the objects and forma-
tions in said caverns, are not painted from actual sight and
close inspection; and that by the sale of the pictures afore-
said the public are being deceived.   The bill then states,
"that many years ago, before the caverns property came
into the possession of its present owner, a man by the name
of James, whose residence is unknown, visited the caverns
and got from the then owner of the property the privilege
to take carbon photographs of such of the formations in
said caverns as he chose, and your orator is informed that
he did take such photos and secured a copyright thereon
from the government, and the said Kauffman claims to have
purchased all the right of James thus secured; that the
cards said Kauffman is selling are not photographs but
painted pictures, and as before stated, are incorrect and
such misrepresentations of the property of your orator
that they are doing and will continue to do incalculable
injury to the business of your orator and grossly deceive
the public.   Your orator further says that said James had
only the right to take carbon photographs of such forma-
tions, and said Kauffman could have no other or greater
right than said James; that said James having only the
right to take carbon photos, would not himself have the
right to take colored photos, nor have carbon photos
painted, and he, said James, could not confer upon
said Kauffman any right or privilege he had not him-
self acquired.   Your orator further says that, though
he is thus being wronged and damaged, he is without
an adequate remedy at law; that the sale of each of
these picture cards by said Kauffman is a separate wrong

and constitutes a ground of action, and as such is a continuing wrong occurring daily and perhaps many times each day; that it would be impossible for your orator to ascertain the number of sales made, to whom sold, the names or the number of persons to whom such cards were exhibited and who were deceived thereby, and, therefore, to attempt to get at the amount of damage could not be done even if it were allowable to go into the field of conjecture and speculation, and in addition your orator would be compelled to institute numberless suits, which would be an aggravation and annoyance as well as contrary to the sound principles of the law"; that being thus without remedy at law, the bill prays that the said Kauffman may be made a party defendant and required to answer the bill, but answer under oath is waived; and that he and his agents and employees may be enjoined and restrained from exhibiting or selling the painted picture cards hereinbefore described, and that further and general relief may be granted.

There was a demurrer to this bill, which was not passed upon by the court. The defendant answered, depositions were taken, and such proceedings were had as resulted in a decree dissolving the injunction and dismissing the bill; and from that decree the Luray Caverns Company has appealed.

It will be observed that the bill does not aver that Kauffman has ever been within the Luray Caverns, or that he has ever put his foot upon the property of the Luray Caverns Company; and that his trespass, if trespass there be, consists of the reproduction and coloring of certain photographs representing scenes and formations within the caverns. It appears from the bill that a man by the name of James, who is not made a party to the bill, visited the caverns and obtained from the then owner of the property the privilege of taking carbon photographs of such of the formations in the cavern as he saw fit. James took pho-

tographs and secured a copyright of them from the government, and from James Kauffman purchased the rights which James had acquired from the predecessor in title of the Luray Caverns Company.

The contract between James and the owner of the Luray Caverns was a purely personal one between the parties to it. It in no sense affects the title to the Luray Caverns, and is not a covenant running with the property; nor does the Luray Caverns Company appear to be the assignee in any way or in any sense of the benefits of this contract. When James got from the then owner of the property the privilege to take carbon photographs, the carbon photographs were his property, subject, of course, to any limitations or conditions imposed upon him by the contract under which his rights were acquired. If there were any limitations or conditions restraining or limiting his use of the photographs made by him, they are not stated in the bill, and for the purpose of this litigation do not exist. But even though there were limitations, conditions and restrictions in the contract between the former owner of the caverns and James, it nowhere appears in what way the appellant, the Luray Caverns Company, could enforce such limitations, conditions or restrictions. As we have said, it nowhere appears from the bill that the appellant is the assignee of the contract with James, and it certainly cannot maintain any right under that contract by force of the fact that it is the successor in title of the owner with whom James contracted.

As was said in *Miller* v. *Wills,* 95 Va. 337, 28 S. E. 337, "Although a court of equity will not, as a general rule, interpose to prevent a mere trespass, yet if the act done or threatened would be destructive of the substance of the estate, or if repeated acts of wrong are done or threatened, or the injury is or would be irreparable, in fine, whenever the remedy at law is or would be inadequate, a court of

92

equity will enjoin the perpetration of the wrong and prevent the injury."

In no sense is any trespass alleged in this bill. There is no invasion of the premises of appellant. There is no act done or threatened which would destroy, or in the least degree affect, the substance of the estate. The whole case made is that there is an invasion of and injury to the rights of appellants because the appellee goes upon the market with colored photographs of the property of appellant, which he offers to sell in competition with pictures of the same objects offered for sale by the appellant. What the appellee offers for sale are copies of photographs of which his assignor, James, was the rightful owner by permission of the predecessor in title of the appellant. The bill fails to show that there were any limitations or conditions imposed upon James as to the use of these photographs which he was authorized to make, and fails to show in what way the appellant is the beneficiary of the purely personal contract between its predecessor in title and James, with all of whose rights Kauffman is now clothed.

Upon the whole case we are of opinion that there is no equity in the bill, that the demurrer should have been sustained, and that the decree of the circuit court should be affirmed.

*Affirmed.*